1

2

3

4

5

6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9  PAUL E. RAY, P46442,                          )
                                                 )
10               Plaintiff(s),                   )      No. C 12-0032 CRB (PR)
                                                 )
11        v.                                     )      ORDER OF SERVICE
                                                 )
12  A. HEDGPETH, Warden, et al.,                 )
                                                 )
13               Defendant(s).                   )
                                                 )
14

15        Plaintiff, a prisoner at Salinas Valley State Prison (SVSP), has filed a pro

16  se complaint under 42 U.S.C. § 1983 alleging inadequate medical care for a

17  ruptured bicep tendon.  Plaintiff specifically alleges that he has been improperly

18  denied repair surgery initially recommended by a prison doctor.

19                                **DISCUSSION**

20  A.    Standard of Review

21        Federal courts must engage in a preliminary screening of cases in which

22  prisoners seek redress from a governmental entity or officer or employee of a

23  governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

24  claims or dismiss the complaint, or any portion of the complaint, if the complaint

25  "is frivolous, malicious, or fails to state a claim upon which relief may be

26  granted," or "seeks monetary relief from a defendant who is immune from such

27  relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

28  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

2 essential elements: (1) that a right secured by the Constitution or laws of the

3 United States was violated, and (2) that the alleged violation was committed by a

4 person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48

5 (1988).

6    B.    Legal Claims

7    Deliberate indifference to serious medical needs violates the Eighth

8 Amendment's proscription against cruel and unusual punishment.  See Estelle v.

9 Gamble, 429 U.S. 97, 104 (1976).  Such indifference may appear when prison

10 officials deny, delay or intentionally interfere with medical treatment, or it may

11 be shown in the way in which prison officials provide medical care.  See

12 McGuckin v. Smith, 974 F.2d 1050, 1062 (9th Cir. 1992) (delay of seven months

13 in providing medical care during which medical condition was left virtually

14 untreated and plaintiff was forced to endure "unnecessary pain" sufficient to

15 present colorable § 1983 claim), overruled on other grounds, WMX

16 Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

17    Liberally construed, plaintiff's allegations that doctors Pompan and M.

18 Sepulveda have provided him with inadequate medical care for a ruptured bicep

19 tendon present a colorable § 1983 claim for deliberate indifference to serious

20 medical needs and will be served on these two defendants.  But SVSP Warden A.

21 Hedgpeth is dismissed because he is named on the theory that he is liable for the

22 actions of his subordinates and it is well established that there is no § 1983

23 liability under such a theory, i.e., a theory of respondeat superior liability.  See

24 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is

25 there liability under § 1983 solely because one is responsible for the actions or

26 omissions of another).

27

28                      2

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.      The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the following defendants at SVSP: Doctor Pompan and Doctor M. Sepulveda.  (Warden A. Hedgpeth is dismissed.)  The clerk also shall serve a copy of this order on plaintiff.

2.      In order to expedite the resolution of this case, the court orders as follows:

a.      No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

b.      Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any

3

1  fact that would affect the result of your case, the party who asked for summary

2  judgment is entitled to judgment as a matter of law, which will end your case.

3  When a party you are suing makes a motion for summary judgment that is

4  properly supported by declarations (or other sworn testimony), you cannot simply

5  rely on what your complaint says.  Instead, you must set out specific facts in

6  declarations, depositions, answers to interrogatories, or authenticated documents,

7  as provided in Rule 56(e), that contradicts the facts shown in the defendant's

8  declarations and documents and show that there is a genuine issue of material

9  fact for trial.  If you do not submit your own evidence in opposition, summary

10  judgment, if appropriate, may be entered against you.  If summary judgment is

11  granted, your case will be dismissed and there will be no trial.  Rand v. Rowland,

12  154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

13  Plaintiff is also advised that a motion to dismiss for failure to exhaust

14  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your

15  case, albeit without prejudice.  You must "develop a record" and present it in

16  your opposition in order to dispute any "factual record" presented by the

17  defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120

18  n.14 (9th Cir. 2003).

19  d.  Defendants must serve and file a reply to an opposition not

20  more than 14 days after the opposition is served and filed.

21  e.  The motion shall be deemed submitted as of the date the

22  reply is due.  No hearing will be held on the motion unless the court so orders at a

23  later date.

24  3.  Discovery may be taken in accordance with the Federal Rules of

25  Civil Procedure.  No further court order is required before the parties may

26  conduct discovery.

27

28  4

1      4.      All communications by plaintiff with the court must be served on

2  defendants, or defendants' counsel once counsel has been designated, by mailing

3  a true copy of the document to defendants or defendants' counsel.

4      5.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must

5  keep the court and all parties informed of any change of address and must comply

6  with the court's orders in a timely fashion.  Failure to do so may result in the

7  dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

8  SO ORDERED.

9  DATED:   June 1, 2012

                                   CHARLES R. BREYER

10  United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  G:\PRO-SE\CRB\CR.12\Ray, P.12-0032.serve.wpd

28                    5